IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREIF INTERNATIONAL HOLDING B.V., <br><br> Plaintiff <br><br> vs. <br><br> MAUSER USA, LLC <br><br> and <br><br> NATIONAL CONTAINER GROUP, LLC <br><br> Defendants | COMPLAINT <br> **Trial By Jury Demanded** |

## THE PARTIES

1.  Plaintiff, GREIF INTERNATIONAL HOLDING B.V. ("Greif"), is a Netherlands corporation having a business address at Van Heuven Goedhartlaan 9A, 5th Floor, 1181 LE Amstelveen, The Netherlands. Greif is a wholly-owned subsidiary of Greif, Inc., a Delaware corporation with principal place of business at 425 Winter Road, Delaware, Ohio 43015, within this judicial district.

2.  Upon information and belief, Defendant MAUSER USA, LLC ("Mauser") is a limited liability company organized and existing under the laws of the state of Delaware. Mauser has appointed Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, OH 43215 as an agent for service of process in Ohio, and has registered as a foreign corporation to

do business in Ohio. Mauser maintains a place of business in Ohio at 219 Commerce Drive, Mt. Vernon, OH 43050, and at 1410 Blatt Blvd., Gahanna, OH 43230

3. Upon information and belief, Defendant NATIONAL CONTAINER GROUP, LLC ("NCG") is a corporation organized and existing under the laws of the state of Delaware. NCG has appointed Lexis Document Services, Inc., 50 West Broad Street, Suite 1800, Columbus, OH 43215 as an agent for service of process in Ohio, and has registered as a foreign corporation to do business in Ohio. NCG maintains a place of business in Ohio at 9612 Meech Avenue, Cleveland, OH 44105.

4. Upon information and belief, Defendants Mauser and NCG are both directly or indirectly controlled by Mauser Holding GmbH, which is located in Bruehl, Germany.

5. Defendant Mauser manufactures and sells intermediate bulk containers ("IBCs") marketed under its "Mauser" brand. A Mauser product brochure advertising its sale of IBCs is attached as Exhibit A hereto. The brochure was available to the public on the Internet as of December 6, 2016, at http://www.mausergroup.com/download/5253dce3-2520-420f-b7c9-5e4c0a00c81c/IBC%20English.pdf.

6. Defendant NCG offers container management and reconditioning services, and its products include remanufactured, reconditioned and/or reconstructed IBCs including Mauser IBCs, as indicated in Exhibit A.

7. As set out more fully hereinafter, Mauser and NCG both and each infringe claims, including at least Claim 1, of U.S. Patent No. 8,424,702 B1 (the "702 Patent"), assigned to and fully owned by Greif, by manufacturing, using, selling, offering for sale and/or importing into the United States Mauser IBCs and similar devices of whatever current model name or number in the United States ("Accused Products") without authorization from Greif.

## JURISDICTION AND VENUE

8. This action is brought pursuant to Title 35 of the United States Code, Sections 271, 281, 283, 284 and 285.

9. Venue is proper in this Court under 28 U.S.C. §§ 1338(a), 1391(b), 1391(c), and 1400(b), as Defendants have regular and established places of business in Ohio and/or reside in Ohio, and wrongful acts as alleged herein have occurred in this judicial district, including but not limited to the offering for sale and selling of Mauser IBCs within Ohio and within this judicial district.

## RELEVANT FACTS

10. Intermediate bulk containers (referred to herein as "IBCs") are industrial containers designed for the transport and storage of bulk liquid and granulated substances. In general, they comprise a container for carrying the liquid or granulated substance, surrounded by a protective and supportive cage, and set atop a pallet. Typically, the container is made of plastic and is capable of holding up to 275 gallons, and the cage is a lattice of metal bars.

11. The 702 Patent, entitled "Pallet Container For Liquids" was issued by the United States Patent and Trademark Office on April 23, 2013, naming Virginio Cassina as the inventor. Greif was assigned all rights in the 702 Patent, and Greif is the sole owner of the 702 Patent. A copy of the 702 Patent is attached to this Complaint as Exhibit B. It describes improvements in the design of IBCs meant to ensure satisfactory resistance to stresses to which the IBC is subjected as it is used to transport its contents. These improvements are particularly valuable, among other reasons because the IBCs often contain dangerous goods, and government standards require testing of the IBCs before they can be introduced into the market.

12. Figure 1 from the 702 Patent, set out below, depicts a perspective general view of a pallet container, according the invention of the 702 Patent:



13. Greif has never granted any right to Mauser or to NCG to make, use, sell, offer for sale, or import into the United States, any device covered by claims of the 702 Patent, and Mauser has no right to do so.

14. Defendant Mauser manufactures, uses, sells, offers for sale and/or imports into the United States Mauser IBCs, for example as set out in Exhibit A.

15. Defendant NCG manufactures, remanufactures, uses, sells, offers for sale and/or imports into the United States Mauser IBCs, for example as set out in Exhibit A.

16. Upon information and belief, Mauser has been, and is infringing claims of the 702 Patent, including but not limited to Claim 1 thereof, by manufacturing, using, selling and offering for sale the Accused Products.

17. Upon information and belief, NCG has been, and is infringing claims of the 702 Patent, including but not limited to Claim 1 thereof, by re-manufacturing, using, selling and offering for sale the Accused Products.

18. By their wrongful activities, described above, Mauser and NCG have caused and are causing monetary injury to Greif through Greif's loss of the sale of its own IBC products.

19. By their wrongful activities, described above, Mauser and NCG also have caused and are causing Greif irreparable damage that is not compensable monetarily, including but not limited to the loss of good will Greif has gained through the marketing of its IBC products, and will continue to do so unless enjoined from that activity by this Court.

20. On information and belief, Mauser's and NCG's wrongful activity, described above, is intentional, willful and exceptional, and Greif is entitled to an increase in its compensatory monetary award in this matter pursuant to 35 U.S.C. § 284, and to an award of its reasonable attorney fees and costs, pursuant to 35 U.S.C. § 285.

**RELIEF REQUESTED**

WHEREFORE, Greif requests the following relief:

A. The judgment of this Court that the 702 Patent is infringed by Mauser and by NCG.

B. The judgment of this Court enjoining Mauser and NCG, their officers, directors, agents, employees, successors and assigns, and all those acting in concert therewith, from manufacturing, using, selling, offering for sale, and importing into the United States, the Accused Products, and any other product not colorably distinct from the Accused Products as to

the features thereof covered by the 702 Patent, both preliminarily during the pendency of this action and permanently thereafter.

  C. The judgment of this Court for monetary damages awarded to Greif against Mauser and NCG, jointly and severally, fully and fairly compensating Greif for the wrongful actions of Mauser and NCG as set out above.

  D. The judgment of this Court for an accounting of the manufacture, use, sale, offer for sale, or importation into the United States of the Accused Products, and a monetary award for any such Accused Products not otherwise included in the judgment of the Court entered upon a jury verdict in this case.

  E. The judgment of this Court, should the Court determine not to enjoin the actions of Mauser and/or NCG, for a reasonable ongoing royalty to be paid by Mauser and/or NCG respectively to Greif for each manufacture, use, sale, offer for sale or importation into the United States, of Accused Products subsequent to the judgment of this Court that the 702 Patent is infringed by Mauser and/or NCG.

  F. The judgment of this Court awarding attorneys' fees and costs for this action in favor of Greif and against Mauser and NCG, jointly and severally, pursuant to 35 U.S.C. § 284.

  G. The judgment of this Court increasing any and all monetary awards in this matter to Greif pursuant to 35 U.S.C. § 285.

H. The judgment of this Court awarding such other and further relief, at law or in equity, as this Court may deem appropriate.

**Jury Demand**

Greif herewith requests that all issues in this matter that may be tried to a jury be tried to a jury.

      /s/ Thomas H. Shunk
Thomas H. Shunk (Ohio 0025793)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio  44114-1214
(216) 621-0200
(216) 696-0740 (fax)
tshunk@bakerlaw.com
Attorneys for Greif International Holding B.V.