# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **GREIF INTERNATIONAL HOLDING BV,** | Case No. 2:16-cv-01198 |
| Plaintiff, | **Judge Graham** |
| v. | **Magistrate Judge Jolson** |
| **MAUSER USA, LLC, et al.,** | |
| Defendants. | |

## OPINION & ORDER

In this patent case, Defendants move to bifurcate the issues of liability and damages. (Doc. 15). Defendants also ask the Court to stay damages discovery until liability has been adjudicated.

## I. Factual Background

Plaintiff Greif International Holding BV ("Greif") owns a patent on a design for an industrial container used to transport and store up to 275 gallons of liquid or granular substances. The containers consist of a pallet base with a holding container set on top, which is surrounded by a protective and supportive metal cage. Greif calls this product an intermediate bulk container, or "IBC." Greif owns U.S. Patent No. 8,424,702 B1 (the "702 Patent") on its IBC.

Defendants are National Container Group, LLC ("NCG") and Mauser USA, LLC ("Mauser") (collectively, "Defendants"). Greif alleges that Defendants are "both directly or indirectly controlled by Mauser Holding GmbH, which is located in Bruehl, Germany." (Compl. at ¶ 4, Doc. 1). Greif alleges that Defendants manufacture, use, sell, offer for sale, or import IBC's that infringe claims included in Greif's 702 Patent.

Shortly after the parties filed their Rule 26(f) report, Defendants filed a Motion to Bifurcate and Stay Damages Pending a Finding of Liability. (Doc. 15). The Court ordered an expedited briefing schedule, and the matter is only recently ripe.

## II. Discussion

The Motion raises several issues, and the Court discusses them in two parts. First, the Court analyzes the issue of willfulness discovery. Second, the Court analyzes the issue of damages discovery and whether bifurcation is appropriate.

### A. Bifurcating Willfulness

The Court will bifurcate the issue of willful infringement alleged by Plaintiff and stay some discovery on willfulness.

The Southern District of Ohio's Local Patent Rules require the Court to bifurcate the issue of willfulness from the issue of liability in patent cases. S. D. Ohio Pat. R. 107.2 (2010). Greif alleges that Defendants have willfully infringed the 702 Patent. (Compl. at ¶ 20). Therefore, the Court bifurcates the issue of willfulness from the balance of the case according to the conditions and schedule established by Local Patent Rule 107.2.

Defendants also ask for a complete stay of discovery on the issue of willfulness until a finding of liability. Greif contends that a complete stay of discovery on willfulness misunderstands the Local Patent Rules, arguing that the rules only bar "discovery of attorney-client privileged or work-product privileged documents," not all "evidence of Defendants' willful infringement of Greif's patent." (Pl.'s Resp. in Opp'n at 9, Doc. 19).

Here's what the pertinent rule says:

> Discovery of any attorney-client or work product privileged documents, information, or testimony related to willful infringement in a Patent Case by an accused infringer is automatically stayed in the Patent Case until the patent holder has obtained a judgment of patent infringement in the Patent Case against the accused infringer on at least one claim and all other claims of infringement and the accused infringer's legal and equitable defenses have been fully adjudicated.

S. D. Ohio Pat. R. 107.3 (entitled "Stay on Willfulness Discovery").

The parties agree on one thing: this section requires a stay of discovery of evidence related to willful infringement. But, is this stay on willfulness discovery narrowed by the adjectival phrase, "attorney-client or work product privileged"? That phrase immediately precedes the list of discovery materials—"documents, information, or testimony."

The title of section 107.3 indicates that the only limit on the discovery stay is the issue—willfulness. But section 107.2 contemplates a process where the plaintiff receives a judgment against an accused infringer before "the *completion* of fact and expert discovery on the issue of willful infringement." S. D. Ohio Pat. R. 107.3 (emphasis added). From the language of the rule,

phrase could sensibly limit the type of documents, information, and testimony that are discoverable before a judgment. Under this reading, the list of discovery materials is bookended by modifiers—privilege on one end and willfulness on the other. Documents, information, and testimony are protected from discovery if they are both privileged and related to willfulness.

Furthermore, the purpose of the local rule weighs in favor of this construction. This Court has observed that the local patent rules permit defendants "to delay the decision of whether to waive the attorney-client privilege over patent opinions until after a finding of liability." *Procter & Gamble Co. v. Team Techs., Inc.*, No. 1:12-CV-552, 2013 WL 3778740, at *3 (S.D. Ohio July 18, 2013) (Black, J.). Without such a rule, defendants in patent cases are forced to decide quite early in the litigation whether to defend against a charge of willful infringement by relying upon an opinion-of-counsel letter. *See Robotic Vision Sys., Inc. v. View Eng'g, Inc.*, No. CV 96–2288 LGB(AJWX), 1997 WL 809679 (C.D. Cal. Nov. 6, 1997) (ruling on competing motions: defendant's motion to stay discovery on the issue of willfulness and plaintiffs motion to compel production of Defendant's opinion of counsel letter). By producing its opinion-of-counsel letter, "an accused willful infringer aims to establish that due to reasonable reliance on advice from counsel, its continued accused activities were done in good faith. Typically, counsel's opinion concludes that the patent is invalid, unenforceable, and/or not infringed." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1369 (Fed. Cir. 2007) (overruled in part by *Halo Elecs., Inc. v. Pulse. Elecs., Inc.*, 136 S. Ct. 1923, 1930–36 (2016)). However, by disclosing such a letter, a defendant waives a broad area of attorney-client and work-product privilege. Local Patent Rule 107.3 permits patent defendants to delay this decision until after a finding of liability.

Therefore, as authorized by Local Patent Rule 107.2, the issue of willful infringement is bifurcated from the rest of Greif's claims. The automatic stay required by Local Patent Rule 107.3 is in effect—discovery is stayed of all documents, information, or testimony that are (1) related to willful infringement, and (2) attorney-client or work-product privileged.

**B. Bifurcating Issues of Damages and Liability and Staying Damages Discovery**

The Court recognizes the efficiencies to be gained and the prejudice to be avoided by bifurcating damages and liability issues in a patent case, especially when the defendant ultimately prevails on the issue of liability. However, at this early stage in the litigation, it's difficult for the Court to tell whether it would be more or less efficient to bifurcate the issues and stay damages discovery. The Court will therefore deny without prejudice Defendants' Motion.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Bifurcation is increasingly common in patent cases. *See Mesh Comm, LLC v. E.ON US, LLC*, No. CIV.A. 3:09-CV-641-S, 2011 WL 11563901, at *3 (W.D. Ky. May 10, 2011). Defendants—because they request bifurcation and a stay of discovery—bear the burden to demonstrate that the Rule 42 factors favor bifurcation and a stay of discovery. *Id.* at *4.

This rule "giv[es] the court virtually unlimited freedom to try the issues in whatever way trial convenience requires." *In re Bendectin Litig.*, 857 F.2d 290, 316 (6th Cir. 1988) (quoting 9 C. Wright, A. Miller & F. Elliott, *Federal Practice & Procedure*, § 2387 at 278 (1971 & Supp. 1987)). Courts exercise this freedom in complex patent trials by bifurcating patent cases into liability and damages trials. *See Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002). Courts do this because it can "simplify the fact-finder's task." *Manual for Complex Litigation* § 33.23 (4th ed.). Also "[d]amage questions are often difficult and expensive to litigate. On the other hand, they are relatively easy to sever[] from questions of validity and infringement." *Mesh Comm*, 2011 WL 11563901, at *4.

Here, the Court can't say whether the criteria for bifurcation have been met because this case is so early in its development. Usually, Courts only bifurcate damages and liability and stay damages discovery after some fact discovery has taken place. In the patent context, that's usually after the *Markman* hearing.[1] *See, e.g.*, *Unwired Planet, LLC v. Google Inc.*, No. 3:12-CV-00504, 2014 WL 7012499, at *2 (D. Nev. Dec. 12, 2014); *Mesh Comm*, 2011 WL 11563901, at *2. At that point, the Court has a much clearer idea of the issues, their complexities, and the benefits and costs of bifurcating a case for trial or staying discovery. On the other hand, early in a case, staying damages discovery may create more inefficiencies than it solves. For example, the parties may dispute the scope of discovery, arguing that requested discovery is part of the stayed damages issue. *See Depomed Inc. v. Purdue Pharma L.P.*, No. CIV.A. 13-571 JAP, 2013 WL 6190380, at *9 (D.N.J. Nov. 26, 2013) (finding that a bright line dividing the two didn't exist where the evidence related to liability overlapped with the evidence related to damages and willfulness). Staying damages discovery may inhibit settlement discussions too. *K.W. Muth Co. v.*

---

[1] *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

*Bing-Lear Mfg. Grp., L.L.C.*, No. 01-CV-71925, 2002 WL 1879943, at *5 (E.D. Mich. July 16, 2002) ("Discovery of the economics involved in this case could actually promote settlement negotiations."). So early in the case, the Court can't say that bifurcating damages and staying damages discovery would be convenient, would avoid prejudice, or would expedite and economize the resolution of this case.

If Defendants win on the issue of liability, that obviates the need for damages discovery. Damages discovery in patent cases is frequently time consuming and expensive. *Mesh Comm*, 2011 WL 11563901, at *4. Specifically, damages experts produce reports, often accompanied by massive bills. *See, e.g.*, *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, No. CV 12-11935-PBS, 2016 WL 6905374, at Appendix (D. Mass. Nov. 23, 2016) (claimed amount of $126,706.67 for an expert's initial damages report). Defendants argue that all of this is likely a waste because the 702 Patent is likely to be found invalid, supporting this with evidence that Patent 702's European counterpart has already been found invalid. (Defs.' Reply at 3–4, Doc. 20).

The Court recognizes the benefits of trying liability and damages separately in patent cases. The Court recognizes the considerable costs Defendants seek to avoid. But to halt discovery on damages at this early stage would not be prudent. Defendants' argument hinges on their belief that Greif's claim has no merit. Perhaps Defendants are right, but the Court isn't inclined to make this judgment yet. With the case in its nascent stages, and dispositive motions not due until March 16, 2018, the Court is loath to halt damages discovery for such a long period of time.

The Court also notes the limitation on the scope of discovery imposed by the recently amended Rule 26, which permits *proportional* discovery. Fed. R. Civ. P. 26(b)(1). Discovery must be "proportional to the needs of the case, considering [among other things] the amount in controversy." *Id.* With little idea about the amount in controversy, the Court will be hindered in making this proportionality assessment throughout the discovery process.

The Court will therefore deny without prejudice Defendants' Motion. If, at a later juncture, Defendants wish to renew their motion, they may do so. If Defendants do so, the Court advises Defendants to propose timelines for the economical and expeditious disposition of the proposed bifurcated issues.

## III. Conclusion

Defendants' Motion to Bifurcate and Stay Damages Pending a Finding of Liability is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. (Doc. 15).

IT IS SO ORDERED.

s/ James L. Graham<br>JAMES L. GRAHAM<br>United States District Judge

DATE: May 18, 2017